IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HJALMAR RODRIGUEZ,                    :
                                      :
        Plaintiff,                    :
                                      :
v.                                    :
                                      :        No. 5:15-CV-2 (CAR)
Warden BRUCE CHATMAN, *et al.*,       :
                                      :
        Defendants.                   :
_____      :

## ORDER ON THE RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Hjalmar Rodriguez, an inmate incarcerated at the Georgia Diagnostic

and Classification Prison, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. §

1983, alleging various constitutional violations arising from his confinement in the

Special Management Unit ("SMU").  Currently before the Court is the United States

Magistrate Judge's Recommendation [Doc. 12] to allow some of Plaintiff's First,

Eighth, and Fourteenth Amendment claims to proceed against certain Defendants, to

deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

[Doc. 10], and to dismiss all other claims and parties.

Plaintiff filed an objection to the Recommendation [Doc. 31] and a "Declaration

in support of [his] Motion for a Temporary Restraining Order and Preliminary

Injunction" [Doc. 28].[1] In addition, Plaintiff filed a Motion for Reconsideration [Doc. 29] of the Magistrate Judge's order denying leave to amend his complaint.  Having reviewed these filings and the issues raised in the objections *de novo*, the Court rules as follows:

## I.      Plaintiff's Motion for Reconsideration

The Court will first address Plaintiff's Motion for Reconsideration of the order denying leave to amend.  On March 23, 2015, Plaintiff sought leave to amend his complaint, but that request was denied because Plaintiff failed to set forth the substance of his proposed amendments.  In the instant Motion for Reconsideration, Plaintiff now attaches a proposed amended complaint.  Because Plaintiff attaches a new amended complaint, the Court **CONSTRUES** Plaintiff's Motion for Reconsideration as a renewed Motion to Amend his Complaint, and **GRANTS in part** and **DENIES in part** the Motion.

Rule 15(a)(1) of the Federal Rule of Civil Procedure allows a party to amend his pleading once as a matter of course within twenty-one days of service or the filing of a responsive pleading.  As explained by the Magistrate Judge, Plaintiff has already

---

[1] The Court construes both of these filings as objections.

2

amended his complaint once.  Therefore, Plaintiff may only amend his complaint with written consent of Defendants or leave of the court.[2]  When a party seeks leave to amend a pleading, "the court should freely give leave when justice so requires."[3] Under Rule 15(a)'s liberal amendment policy, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[4]  A substantial reason exists to deny leave to amend when, for example, the proposed amendment would be futile.[5]  A claim is futile if it would be subject to dismissal for failure to state a claim upon which relief may be granted.[6]

Plaintiff's proposed amended complaint, in part, re-alleges the same facts as those contained in the original and supplemental complaints, which were fully considered by the Magistrate Judge before entering the Recommendation.   Because these facts were already considered, the Motion to Amend is **DENIED as MOOT** with respect to those claims.  Plaintiff, however, does allege new facts to support his denial of access to courts and Sixth Amendment claims and seeks to add a new defendant,

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*

[4] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

[5] *See Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

[6] *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982-83 (11th Cir. 2012).

Dr. Edward Burnside, to his Eight Amendment deliberate indifference to serious medical needs claim. Therefore, these claims warrant further discussion.

### A. Denial of Access to Courts and Sixth Amendment Claims

In his supplemental complaint, Plaintiff alleges that law librarian, John Young, and SMU Superintendent, Rodney McCloud, are impeding his access to courts by limiting him to two legal requests per week from the law library and denying him physical access to the law library. Plaintiff contends that this limited access to legal materials is hindering his defense in a criminal case pending against him in Chattooga County. The Magistrate Judge recommends dismissal of his access to court and Sixth Amendment claims because a criminal defendant who chooses to forgo the right to counsel in a criminal case and proceed *pro se* does not have the right to additional law library access to aid him in his defense because he was provided with the option of counsel. In the proposed amended complaint, however, Plaintiff alleges he was never provided the option of counsel in his criminal case. Moreover, Plaintiff alleges that, due to the unconstitutional restrictions on his access to the law library, he missed the deadline to file a demand for a speedy trial in the criminal proceeding. Accepting these additional facts as true, the Court agrees with the Recommendation that

4

Plaintiff's access to courts claim and Sixth Amendment claims should be dismissed but for different reasons.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law."[7] The Supreme Court in *Lewis v. Casey*[8] held that, in order to prevail on a denial of access to courts claim, a prisoner must show he has suffered an "actual injury" resulting from the inadequacies of the law library or legal assistance program.[9] The *Lewis* court restricted the definition of "actual injury" to impediments in pursuit of certain types of claims—namely, direct or collateral attacks on a criminal conviction or challenges to conditions of confinement.[10]   In the instant case, two reasons support dismissal of Plaintiff's access to courts and Sixth Amendment claims.

First, an ongoing criminal proceeding does not fall within any of the categories of cases enumerated in *Lewis* under which a prisoner may bring an access to courts claim.  Given the strict limitation on the types of cases which support a denial of access

---

[7] *Bounds v. Smith,* 430 U.S. 817, 828 (1977).

[8] 518 U.S. 343 (1996).

[9] *Id.* at 351.

[10] *Id.* at 355; *see also Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.").

to courts claims, some district courts have questioned whether a plaintiff may satisfy the "actual injury" requirement in an ongoing criminal case.[11]

Second, because Plaintiff's criminal proceeding is ongoing, this Court further finds it should abstain from considering the merits of Plaintiff's access to courts and Sixth Amendment claims under *Younger v. Harris*.[12]  "[*Younger*] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."[13]  The policy underlying the abstention doctrine stems from basic principles of federalism, equity, and comity.[14] Pursuant to the *Younger* doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."[15]

All three factors support abstention in this case.  The state criminal proceeding is still pending, and the state has an important interest in adjudicating criminal cases.

---

[11] *See, e.g., Gray v. Cochran*, No. CIV.A. 13-0549-CB, 2014 WL 4207731, at *3 (S.D. Ala. Aug. 25, 2014) ("[A]n initial criminal case is not one of the actions identified in *Lewis* in which an injury for a claim for denial of access to courts can be established."); *Demeter v. Buskirk*, No. CIV.A. 03-790, 2003 WL 22416045, at *3 (E.D. Pa. Oct. 20, 2003) ("[I]t is questionable whether the requisite 'actual injury' can be established where the underlying frustrated claim is neither a civil rights action under § 1983 nor a post-conviction direct or collateral appeal.").

[12] 401 U.S. 37 (1971).

[13] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[14] *Younger*, 401 U.S. at 43-44.

[15] *Newsome v. Broward Cnty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432).

More important, Plaintiff has the opportunity to raise his constitutional access to courts and Sixth Amendment claims in his ongoing criminal case.[16]    Accordingly, Plaintiff's access to courts and Sixth Amendment claims are **DISMISSED without prejudice**.

### B. Eighth Amendment Claim against Defendant Dr. Edward Burnside

Plaintiff also seeks to add an Eighth Amendment claim against a new defendant, Dr. Edward Burnside, for deliberate indifference to his serious medical needs.  Plaintiff alleges that on September 21, 2014, he became ill and began spitting up blood.  Dr. Burnside was notified of Plaintiff's sickness but refused to examine him.  Instead, Dr. Burnside prescribed Plaintiff medication.  Plaintiff refused to take the medication because he did not know what it was or what it was intended to treat.  Then, in December 2014, Plaintiff was examined by Dr. Burnside for a bullet lodged in his leg.  Plaintiff requested the bullet be removed because it was causing him pain, but Dr. Burnside denied that request and prescribed ibuprofen for the pain. Ibuprofen

---

[16] *See Hughes v. Att 'y Gen. of Florida,* 377 F.3d 1258, 1263 n. 7 (11th Cir. 2004) ("The policy of equitable restraint expressed in *Younger* . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").

provides Plaintiff with "limited relief, but does not stop the pain."[17]  Lastly, Plaintiff alleges that Dr. Burnside x-rayed his hand on March 7, 2015, but refused to do more to relieve the pain associated with his hand injury.

"It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment."[18] But "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."[19] Inadvertence or negligence in failing to provide medical care, for example, does not give rise to a constitutional violation.[20]  Instead, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"[21] "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment."[22]  On the other hand, "medical care that is so cursory as to

---

[17] Doc. 29-3, p. 12.

[18] *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (internal quotation marks omitted).

[19] *Id.* (internal quotation marks omitted).

[20] *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

[21] *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986)).

[22] *Harris*, 941 F.2d at 1505.

amount to no treatment at all" can constitute deliberate indifference.[23]

The facts alleged against Dr. Burnside regarding Plaintiff's sickness in September 2014 fail to state a claim of deliberate indifference because Plaintiff merely disagreed with Dr. Burnside's course of treatment and refused to take the medication provided.  Therefore, Plaintiff's request to amend to add these facts is denied.  The remainder of the facts regarding the lack of treatment and continuing pain in his leg and hand, however, are sufficient to allow an Eighth Amendment claim to go forward against Dr. Burnside.  Therefore, Plaintiff's Motion to Amend is **GRANTED in part** to allow the Eighth Amendment claim against Dr. Burnside based on his leg and hand treatment to go forward for further factual development.

## II.    The Recommendation

The Court has considered the remainder of the Recommendation and the portions to which Plaintiff objects *de novo* and finds the objections to be without merit. With respect to Plaintiff's request for emergency injunctive relief, the Magistrate Judge fully explained the four prerequisites for obtaining a preliminary injunction.[24]  "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of

---

[23] *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).
[24] *See* Doc. 12, p. 13.

the four prerequisites."[25] At this juncture, Plaintiff has failed to show a substantial likelihood of success on the merits sufficient to warrant the extraordinary remedy of injunctive relief.

### III.      Conclusion

Based on the foregoing, the Recommendation [Doc. 12] is **ADOPTED in part**. The conclusions and findings of the Recommendation are hereby **INCORPORATED** and **MADE THE ORDER OF THE COURT** with the exception of the reasoning offered in support of dismissing the denial of access to courts and Sixth Amendment claims.  In light of new facts alleged after submission of the Recommendation, the Court dismisses those claims for different reasons as explained above. Accordingly, Plaintiff may proceed with his First, Eighth, and Fourteenth Amendment claims against certain Defendants as explained in the Recommendation; all other claims and parties are **DISMISSED**; and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 10] is **DENIED**.

Plaintiff's Motion for Reconsideration [Doc. 29] is **CONSTRUED** as a renewed Motion to Amend, which the Court **GRANTS in part** and **DENIES in part**. The Court will allow Plaintiff to proceed with an Eighth Amendment claim against Dr. Edward

---

[25] *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal brackets and quotation marks omitted).

Burnside.  It is thus **ORDERED** that service be made on Dr. Burnside and that he file

an Answer, or such other response as may be appropriate under the Federal Rules of

Civil Procedure, § 1915, and the Prison Litigation Reform Act.   Dr. Burnside is

reminded of the duty to avoid unnecessary service expenses, and the possible

imposition of expenses for failure to waive service.

      **SO ORDERED,** this 8th day of July, 2015.

                              S/  C. Ashley Royal
                              C. ASHLEY ROYAL
                              UNITED STATES DISTRICT JUDGE