IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HJALMAR RODRIGUEZ, | ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-2(MTT) |
| Warden BRUCE CHATMAN, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

The Plaintiff has moved for leave to amend his complaint, moved for reconsideration of two of the Magistrate Judge's orders, and moved to dismiss his own claims relating to a 2016 shoulder incident separate from the other incidents underlying this suit. Docs. 96; 115; 127; 133; 160. The Defendants have moved to strike or, in the alternative, dismiss the Plaintiff's complaint on various grounds. Doc. 117. Defendant Burnside has separately moved to dismiss for failure to exhaust. Doc. 120. The Magistrate Judge recommends granting in part and denying in part the Defendants' motion to strike and the Plaintiff's motions to amend. Doc. 134. Specifically, the Magistrate Judge recommends dismissing the following claims for failure to exhaust administrative remedies: (1) First Amendment Retaliation claims against Defendants Clupper, Kyles, Logan, and Powell; (2) Eighth Amendment medical care claims against Defendants Gore and Kyles; (3) Eighth Amendment conditions of confinement claims against Defendants Bishop, Chatman, Logan, and Powell; and (4) Eighth Amendment deliberate indifference claims against Defendant Burnside. The Magistrate Judge

recommends allowing the Plaintiff's Eighth Amendment claims against Defendant Clupper and Fourteenth Amendment Due Process claims against Defendants Bishop, Chatman, Humphrey, Logan, McMillian, and Powell to proceed. But the Magistrate Judge recommends limiting the Plaintiff's recovery on his Due Process claims to nominal damages because the Plaintiff has failed to allege a more than de minimis injury as required by the Prison Litigation Reform Act. Finally, the Magistrate Judge recommends granting in part the Plaintiff's motions for leave to file an amended complaint (Docs. 115; 133) to allow the Plaintiff to add allegations regarding violation of his rights under the Fourteenth Amendment Due Process Clause, but he recommends denying the Plaintiff's other requested amendments. Separately, the Plaintiff has moved for reconsideration of the Magistrate Judge's order denying him an extension of time to respond to a previous order of the Court, and he has also moved for reconsideration of the Magistrate Judge's order granting Defendant Burnside's motion to vacate an entry of default against Defendant Burnside. Docs. 96; 127.

The Plaintiff objected to the Recommendation, but he does not oppose dismissing his claim for deliberate indifference to medical needs against Defendant Kyles. Doc. 141 at 7. The Defendants did not object. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and made a de novo determination of the portions of the Recommendation to which he objects.

As discussed below, the Recommendation is **ADOPTED as modified**. Defendant Burnside's motion to dismiss for failure to exhaust (Doc. 120) is **DENIED**. The Defendants' motion to strike (Doc. 117) and the Plaintiff's motions to amend (Docs. 115; 133) are each **DENIED IN PART** and **GRANTED IN PART**, so that the Plaintiff

may proceed with the following claims: his Eighth Amendment excessive force claim against Defendant Clupper; his Eighth Amendment deliberate indifference to medical needs claim against Defendant Burnside; his First Amendment retaliation claims against Defendants Clupper, Kyles, Powell, and Logan; and his Fourteenth Amendment Due Process claims against Defendants Bishop, Chatman, Humphrey, Logan, McMillian, and Powell. The Defendants' motion to limit the Plaintiff's recovery to nominal damages is **DENIED**. However, the Plaintiff's Eighth Amendment medical care claims against Defendants Kyles and Gore and the Plaintiff's Eighth Amendment denial of recreation claims are **DISMISSED** for failure to exhaust. Further, the Plaintiff's motion to dismiss his claims related to his alleged 2016 shoulder injury (Doc. 160) is **GRANTED**, and the Plaintiff's motions for reconsideration (Docs. 96; 127) are **DENIED**.

## I. **BACKGROUND**

This case arises from the Plaintiff's claims that his First Amendment, Eighth Amendment, and Fourteenth Amendment rights have been violated in multiple ways during his confinement. *See generally* Doc. 133-1. The case is one of eleven that has been filed by inmates in Tier III of the Special Management Unit of Georgia Diagnostic and Classification Prison in Jackson, Georgia. *See, e.g.*, Doc. 147 at 1. Because "[e]ach case presents similar claims and fact patterns alleging constitutional violations of Eighth and Fourteenth Amendment rights," the Magistrate Judge has consolidated discovery in the cases and has stayed discovery in all except one of the cases. *See, e.g.*, *id.* at 1-2.

## II. **DISCUSSION**

The Court agrees with many of the Magistrate Judge's recommendations on the myriad motions and issues before the Court. The Court also finds that the Plaintiff's motions for reconsideration (Docs. 96; 127) must be denied because he has not shown that the Magistrate Judge's orders were clearly erroneous or contrary to law. However, the Court modifies the Recommendation's findings as to the issue of exhaustion of several of the Plaintiff's claims, and more discussion is merited as to the issue of damages.

**A.     Motions for Reconsideration**

The Plaintiff has moved for reconsideration of the Magistrate Judge's order denying the Plaintiff's motion for an extension of time to respond and request for documents (Doc. 92) and the Magistrate Judge's order vacating the clerk's entry of default against Defendant Burnside (Doc. 118). Docs. 96; 127. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider the Magistrate Judge's order on "any pretrial matter . . . where it has been shown that the [M]agistrate [J]udge's order is clearly erroneous or contrary to law." Moreover:

> A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Federal Rule of Civil Procedure 72(a).

The Plaintiff has not shown, and the Court does not find, that either of the Magistrate Judge's orders was "clearly erroneous or . . . contrary to law." As to the Plaintiff's motion for reconsideration of the Magistrate Judge's order setting aside the

clerk's entry of default, in the alternative the Plaintiff's motion appears to be untimely. *Compare* Doc. 127 (Plaintiff's objection dated June 10, 2016, and received by the Court on June 16), *with* Doc. 118 (Magistrate Judge's order issued on April 25). Accordingly, the Plaintiff's motions for reconsideration (Docs. 96; 127) must be denied.

**B.    Exhaustion**

The Court agrees with the Recommendation that the Plaintiff has failed to exhaust his administrative remedies as to several of his claims. But the Court disagrees with the Magistrate Judge's recommendation to dismiss the Plaintiff's First Amendment retaliation claims against Defendants Clupper, Kyles, Logan, and Powell and his Eighth Amendment deliberate indifference to medical needs claim against Defendant Burnside on these grounds.

"No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows¸* 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The Magistrate Judge recommends finding that the Plaintiff has failed to exhaust these grounds because the Plaintiff failed to file timely grievances. Doc. 134 at 10, 18.

But, as the Plaintiff notes in his objection, "the Central Office did not object to timeliness and answeared [sic] the grievance on its merits." Doc. 141 at 6; *see also*

Doc. 1-25 at 4 (denying the Plaintiff's First Amendment grievance on the merits but not for untimeliness); Docs. 113-1 at 12, 114-2 at 11 (same as to the Plaintiff's deliberate indifference claim against Defendant Burnside). When a prison does not enforce a procedural bar to a prisoner's grievance, a district court may not apply that procedural bar to find that the prisoner failed to exhaust his administrative remedies. *See Whatley v. Warden*, 802 F.3d 1205, 1213-14 (11th Cir. 2015) ("We join our sister circuits in holding that district courts may not find a lack of exhaustion by enforcing procedural bars that the prison declined to enforce."); *Johnson v. Holt*, 2015 WL 6453151, at *2 (M.D. Ga.) (citing *Whatley* and finding the defendants did not prove the plaintiff failed to exhaust his claims with a "bare assertion that the grievance was untimely filed" absent evidence that the grievance was rejected as untimely at screening); *Robinson v. Gielow*, 2015 WL 7820605, at *5 (N.D. Fla.), *adopted by* 2015 WL 7863166 (concluding that the district court could not enforce either of two procedural bars to find exhaustion when the prison had failed during the administrative process to enforce the procedural rules with which the plaintiff had failed to comply). Indeed, the Recommendation notes that the Plaintiff's Eighth Amendment claim against Defendant Clupper for excessive force should not be dismissed because the record fails to suggest that untimeliness was a reason the prison rejected the grievance. *See* Doc. 134 at 9 ("Nowhere in the administrative record of Grievance 164579 is Plaintiff's grievance rejected on the grounds of timeliness.").

      The Defendants argue that the Court should find an exception to the rule articulated in *Whatley* when prison officials have no reason to know of the administrative bar. *See* Doc. 149 at 4. The Defendants argue that, because the Plaintiff omitted the

date of the allegedly false disciplinary report and the deliberate indifference to his medical needs, "prison officials could not possibly have known that Plaintiff failed to comply with the 10-day deadline and, hence, would not have known to deny Plaintiff's grievance on this procedural basis." *Id.* at 4-5, 7. The Court disagrees. Prison officials investigating a grievance should know the dates on which incidents at issue in that grievance took place; as the Plaintiff points out in his reply brief, the Defendants' investigation into the Plaintiff's grievances could not have been thorough if they did not know the dates of the incidents at issue. *See* Doc. 156 at 5 ("By this suggestion being impl[e]mented only supports Plaintiff testimony . . . that prison officials do not conduct 'any' investigation into Plaintiff's complaints."). The Defendants cite no legal authority, and the Court finds no legal authority, for their desired exception to *Whatley*. Accordingly, the Court cannot enforce procedural bars the prison declined to enforce, and the Court cannot bar these claims for failure to exhaust.

**C. Damages**

Finally, the Magistrate Judge recommends limiting the Plaintiff's recovery for his Due Process claims to nominal damages. Doc. 134 at 27. The Defendants also move that the Plaintiff's recovery for his retaliation claims be limited to nominal damages. Doc. 117 at 19-20. The Magistrate Judge did not consider that alternative motion, because he recommended denying the Plaintiff's retaliation claims for failure to exhaust administrative remedies.

In the Eleventh Circuit, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Warden*, 800 F.3d

1295, 1307 (11th Cir. 2015) (citations omitted).  As with his Due Process claims, the Plaintiff has failed to allege a "(more than de minimis) physical injury" arising from his retaliation claims.  Accordingly, the Plaintiff's recovery for his First Amendment retaliation claims is also due to be limited to nominal damages.  *See id*. at 1307-08 (holding that nominal damages for constitutional violations are available to incarcerated plaintiffs even without a showing of physical injury).

## III. CONCLUSION

The Recommendation is **ADOPTED as modified** and made the Order of this Court.  Accordingly, the Defendants' motion to strike (Doc. 117) and the Plaintiff's motions to amend (Docs. 115; 133) are each **DENIED IN PART** and **GRANTED IN PART**.  The Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendant Clupper; his First Amendment retaliation claims against Defendants Clupper, Kyles, Powell, and Logan; and his Fourteenth Amendment Due Process claims against Defendants Bishop, Chatman, Humphrey, Logan, McMillian, and Powell.[1]  The Plaintiff's recovery for his Due Process claims and his First Amendment retaliation claims is limited to nominal damages.  Defendant Burnside's motion to dismiss for failure to exhaust (Doc. 120) is **DENIED**.  The Plaintiff's Eighth Amendment medical care claims against Defendants Kyles and Gore are **DISMISSED without prejudice** for

---

[1] The Court notes a typographical error in the Recommendation on this point.  *Compare* Doc. 134 at 23 ("Taking the conditions of general population inmates as a baseline from which to measure the ordinary incidents of prison life, the conditions allegedly imposed upon Plaintiff do not make out plausible [sic] claim of atypical and significant hardship."), *with id*. at 23-24 ("Plaintiff's . . . allegations . . . are sufficient to indicate atypical and significant hardship.").  The Court clarifies that the Plaintiff's complaint sufficiently states a claim of atypical and significant hardship.  Similarly, the Recommendation declares in its introduction that "because Plaintiff has not alleged a protected liberty interest, his Complaint, and this case, must be dismissed." *Id*. at 1.  That statement is wrong.  As the Recommendation observes in the next sentence, several of the Plaintiff's claims must proceed.  *Id*.

failure to exhaust.[2] The Plaintiff's Eighth Amendment denial of recreation claims are also **DISMISSED without prejudice** for failure to exhaust.[3] The Plaintiff's motion to dismiss his claims related to his alleged 2016 shoulder injury (Doc. 160) is **GRANTED**. And the Plaintiff's motions for reconsideration (Docs. 96; 127) are **DENIED**.

**SO ORDERED,** this 6th day of October, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court agrees with the Magistrate Judge that the Plaintiff's claims against Defendant Gore must fail at Step Two of the *Turner v. Broadside* analysis. Doc. 134 at 11-13. But the Court modifies the Recommendation's reading of the Plaintiff's exhibit list. The Magistrate Judge writes that the "Plaintiff's exhibit list notes that his grievance regarding Defendant Gore's alleged deliberate indifference was 'not filed'" and extrapolates "[t]hus, Plaintiff's own complaint admits that he never filed his grievance regarding Nurse Gore." *Id*. at 12. The Court reads the Plaintiff's exhibit list as stating that *prison officials* never filed his grievance; this reading better comports with the Plaintiff's full argument. *See* Doc. 141 at 9 ("Grievance against Gore [was] pre-screen[ed], not filed."). Nevertheless, because, for the reasons stated in the Recommendation, the Plaintiff's evidence regarding exhaustion of his administrative remedies for his claim against Defendant Gore is not credible in light of the Defendants' evidence, the Court agrees with the Recommendation's specific findings of fact: the Plaintiff failed to exhaust that claim. *See* Doc. 134 at 11-13.

[3] The Court agrees that as a separate Eighth Amendment claim, the Plaintiff failed to exhaust his claim that he was denied recreation. On the other hand, in his objection to the Recommendation and in his grievances, the Plaintiff often treats this claim together with his due process claims. *See* Doc. 141 at 10 (""Furthermore deprivation of yard time imposes enough of a hardship to qualify as a constitutional [sic] protected liberty intrest [sic]."). The Plaintiff's grievances put the Defendants on notice of his due process claims, including denial of recreation. *See, e.g.*, Doc. 1-23 at 1 (listing "yard call" as one of the "Due Process & Liberty rights" being denied by his administrative segregation). Accordingly, the Plaintiff's assertion that the Defendants denied him recreation is cognizable as part of his due process claims.